UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EDUARDO PEREZ,

    Plaintiff,        Civil No. 09-943-HA

    v.          OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

HAGGERTY, District Judge:

    Plaintiff brings this action requesting judicial review of a decision by the Commissioner

of the Social Security Administration (SSA) denying his application for disability insurance

benefits (DIB). He seeks an order reversing the Commissioner's decision and remanding this

case for further proceedings or for an award of DIB. For the following reasons, this court

concludes that the findings of the Commissioner are based upon the correct legal standards and

1 - OPINION AND ORDER

are supported by substantial evidence in the record.  The final decision of the Commissioner

denying plaintiff's application for DIB is affirmed.

## ADMINISTRATIVE HISTORY

Plaintiff's current application for DIB was filed on April 6, 2004, alleging that he has

been unable to maintain employment since October 2, 2002 because of impairments arising from

dysthymia, post-traumatic stress disorder (PTSD), cognitive disorder, depression, and arthritis.

Tr. 213.[1]  This application was denied initially and upon reconsideration.  A hearing was

conducted before an Administrative Law Judge (ALJ) on June 13, 2007.  Tr. 902-38.  The ALJ

determined that plaintiff was capable of performing his past relevant work as a cannery worker,

landscape worker, palletizer, and nursery worker.  Tr. 14-24.  Plaintiff was found not disabled

within the meaning of the Social Security Act.  Tr. 24.  Plaintiff appealed unsuccessfully to the

SSA Appeals Council, and then sought judicial review.

## FACTUAL BACKGROUND

Plaintiff was fifty-five years old at the time of his alleged disability onset date.  He

completed a general equivalency diploma (GED) and obtained an Associate of Arts degree in

Automotive Technology.  Tr. 935.

Plaintiff has past relevant work experience as a cannery worker, production supervisor,

tree salesman, census taker, palletizer, landscaper, agriculture crew leader; nursery worker and

floor cleaner.  Tr. 935.  Other details of plaintiff's medical history will be reviewed as necessary

in this ruling's analysis.

---

1    Citations beginning with "Tr." refer to pages in the official transcript of the
administrative record filed with the Commissioner's Answer.

**<u>STANDARDS</u>**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. §404.1520(a).  If the claimant lacks such impairments, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least one of the claimant's impairments is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's Residual Functional Capacity (RFC), which is the most an individual

can do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Upon the establishment of the claimant's RFC, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v.*

4  - OPINION AND ORDER

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Orn v. Astrue*, 495 F.3d  625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).

A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record.  *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

Plaintiff, represented by counsel, testified at the hearing before the ALJ.  The ALJ also elicited expert testimony from a vocational expert (VE).  The ALJ posed a hypothetical question to the VE based on plaintiff's State Disability Determination Services assessment.  This assessment contained no exertional limitations, but described an individual limited to simple, routine instructions avoiding constant contact with the public.

The VE testified that a person with the limitations presented could return to past relevant work as a cannery worker, landscaper, palletizer and nursery worker. Tr. 935-36. Counsel for plaintiff then introduced additional limitations to the hypothetical question. The VE testified that with the modified limitations included, a person could not perform past relevant work. Tr. 937.

Following the hearing, the ALJ issued a written ruling that detailed the sequential evaluation process undertaken to determine whether plaintiff qualified for DIB. At step one of the process, the ALJ found that plaintiff had not performed SGA between plaintiff's alleged disability onset date and the date his insurance lapsed. Tr. 16.

At step two, the ALJ found that plaintiff suffered from the severe impairments of depression, lumbar degenerative joint disease, obesity, cognitive disorder, and PTSD. Tr. 16-17.

At step three, the ALJ determined that plaintiff's impairments – either singly or in combination – did not meet or equal an impairment in the Listings. Tr. 17-19. Plaintiff's RFC was assessed as allowing a full range of work at all exertional levels that is simple, routine, and repetitive; does not require constant interaction with members of the public; and does not require more than occasional stooping, kneeling, crouching, crawling, ladders, ropes, or scaffolds. Tr. 19.

At step four, plaintiff was determined to be capable of returning to past relevant work, including a cannery worker, landscape worker, palletizer, and nursery worker. Tr. 23-24. Accordingly, the ALJ concluded that plaintiff was not entitled to disability benefits. Tr. 24.

**QUESTIONS PRESENTED**

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action because the ALJ improperly (1) assessed the VE testimony; (2) assessed plaintiff's RFC; (3) disregarded plaintiff's age in determining that plaintiff could return to past relevant employment; (4) evaluated medical evidence, and (5) evaluated plaintiff's credibility.

The court has considered each of plaintiff's arguments. For the following reasons, this court concludes that the ALJ's conclusions are supported by substantial evidence.

**DISCUSSION**

### 1.     The VE testimony

Plaintiff complains that the ALJ erred in assessing the VE testimony because he failed to ascertain whether the testimony was consistent with the Dictionary of Occupational Titles.

Compliance with "[t]he procedural requirements of [Social Security Ruling] SSR 00-4p ensure[s] that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the Dictionary of Occupational Titles." *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). This is significant because when making disability determinations, the Social Security Administration "relies primarily on the Dictionary of Occupational Titles" for the availability of work in the national economy. *Id*. (footnote omitted).

Pursuant to SSR 00-4p, an ALJ eliciting testimony from a VE to obtain occupational evidence "must first determine whether a conflict exists" between the VE and the Dictionary, and if a conflict exists, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." *Id*. at 1153-54 (footnotes omitted). In other words, the SSR

directs the ALJ to ask the VE if the evidence provided by the VE is consistent with the Dictionary of Occupational Titles and if it is not, then the ALJ must obtain a reasonable explanation for any apparent conflict. *Id*. at 1152-53.

Here, the ALJ concluded that the expert testimony was "consistent with the information contained in the Dictionary of Occupational Titles." Tr. 24. Plaintiff asserts that the ALJ failed to conduct the appropriate inquires of the VE to verify this assertion. However, recent guidance from the Ninth Circuit clarifies that an ALJ must address a discrepancy in the expert opinion "*only where there is an apparent unresolved conflict* that arises between the vocational expert's testimony and the [Dictionary of Occupational Titles]." *Mickelson-Wurm v. Commissioner*, No. 06-35550, 2008 WL 2795881 at *3 (9th Cir. July 21, 2008) (emphasis in original) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995)). This court concludes that no conflict existed, none was apparent, and that the ALJ had no duty to make the inquiries that plaintiff proposes. Moreover, any failure to ask the VE about possible conflicts would, at worst, amount to harmless error. *Massachi*, 486 F.3d at 1154 n.19 (procedural error of failing to inquire about possible conflicts is harmless if there is no conflict or if the VE had provided sufficient support for the expert conclusions).

### 2.    Plaintiff's RFC

Plaintiff next argues that the ALJ erred by failing to consider limitations that are applicable to the severe impairments that the ALJ attributed to plaintiff. Specifically, plaintiff asserts that the ALJ failed to make findings regarding how plaintiff's "basic work activities were limited by his severe impairments." Pl.'s Brief at 7.

This court disagrees.  The ALJ properly identified plaintiff's severe impairments, and then properly evaluated the evidence presented in the record to determine plaintiff's RFC.  The ALJ's extensive analysis considered symptom evidence, medical opinions, plaintiff's testimony, evidence in the record of plaintiff's work history, psychological evaluations, and medical and psychological consultations.  Tr. 19-23.  Despite plaintiff's differing interpretation of the evidence presented, this court concludes that the ALJ's findings are supported by substantial evidence in the record, and that the findings in step two are not inconsistent with the RFC determined for plaintiff.

**3.      Plaintiff's age**

Plaintiff errs in asserting that a claimant's age is considered in determining that a claimant can return to past relevant work, and in assigning the respective burdens of proof at step four.  Accordingly, this argument is rejected.

**4.      Medical evidence**

Plaintiff contends that the ALJ erred in evaluating medical evidence.  Primarily, plaintiff refers to the ALJ's limited acknowledgment of plaintiff's need for "minor special supervision."  Doctor Robert Wolf opined that if plaintiff were involved in "regular work, which involves simple and repetitive tasks, [plaintiff] would need minor special supervision."  Tr. 335.  The ALJ cited this limitation in his ruling, but omitted the need for minor special supervision in the terms of the hypothetical question posed to the VE.  Plaintiff complains that the VE was never asked to address the effect of that limitation.

This court concludes that the ALJ's inclusion of plaintiff's limitations to regular, simple, and repetitive work in his hypothetical question – coupled with Dr. Wolf's opinion that plaintiff

was able to accept instructions from a supervisor – adequately reflected a reasonable and fair consideration of the scope of Dr. Wolf's evaluation.  The need for minor special supervision in this context falls short of being a work-related limitation that had to be included in the RFC determination.  The ALJ's analysis – and his hypothetical question – reflects full consideration of the medical evidence presented and both are supported by substantive evidence.  The expert testimony solicited in response is consistent with the limitations supported in the record.

The other issue raised by plaintiff regarding the ALJ's evaluation of medical evidence that warrants discussion is whether the views of Nurse Practitioner Schaefer were considered adequately.  Schaefer is considered an "other" medical source, whose opinions as to plaintiff's impairment severity and functional limitations deserve careful evaluation under SSA regulations, but under different standards than those applied to "acceptable medical sources."  *See* 20 C.F.R. 416.927(d)(2), SSR 96-2p and SSR 06-3p.

The ALJ adequately evaluated Schaefer's testimony, and provided a thorough analysis of that evaluation.  The testimony was discounted in light of the absence of objective evidence to support Schaefer's "fill-in-the-blanks" form, and other factors cited by the ALJ that provided contextual background.  Tr. 23.  Moreover, Schaefer's opinions about plaintiff's need for "breaks" were properly considered as medical opinions from a non-medical source.  Only acceptable medical sources (licensed physicians or certified psychologists) can diagnose impairments.  20 C.F.R. § 404.1513(a); SSR 06-03p.  This court concludes that the ALJ's evaluation of the medical evidence presented was sound, in compliance with applicable legal standards and supported by substantive evidence.

### 5.    Plaintiff's credibility

Plaintiff argues that the ALJ also erred in finding plaintiff's testimony less than credible. The ALJ concluded that plaintiff's testimony should be discounted because, in part, the treatment he has received has been conservative and successful in addressing the disabling symptoms of which he complains, and because he has failed to comply with some aspects of treatment proposed by caregivers. Tr. 21. The ALJ also considered plaintiff's work history, the scope of his activities, and his non-compliance with his vocational rehabilitation counselors. Tr. 21.

An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). However, in determining a claimant's credibility, the ALJ should consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ is entitled to consider inadequately explained failures to seek treatment or to follow a prescribed course of treatment, as well. *Id*.

The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Light v. Comm.*, 119 F.3d 789, 792 (9th Cir. 1997). Moreover, the ALJ may consider conflicting medical evidence, effective medical treatment, inconsistent statements, daily activities inconsistent with the alleged symptoms, and testimony that is vague or less than candid. *Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1039-40 (9th Cir. 2007).

A claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F. R.§§ 404.1529(c)(2); 416.929(c)(2). If the ALJ's finding is supported by substantial evidence, the court "may not

engage in second-guessing." *Thomas*, 278 F.3d at 959.  However, if "there is no affirmative evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1281-84).

Here, no evidence of malingering was presented.  However, the ALJ's grounds for discounting plaintiff's testimony are legally adequate.  The ALJ's analysis of the credibility of plaintiff's testimony was thorough, proper, and supported by substantial evidence in the record.  Tr. 20-22.  The ALJ evaluated plaintiff's testimony correctly, and that testimony – properly credited – does not invalidate the RFC the ALJ assessed for plaintiff.  Tr. 28-30.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001); *Thomas*, 278 F.3d at 959.

## **CONCLUSION**

This court has fully reviewed the record of this case and each of plaintiff's arguments.  This court concludes that the decision of the Commissioner is based upon the correct legal standards and is supported by substantial evidence in the record.  The final decision of the Commissioner denying plaintiff Eduardo Perez application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this    20    day of September, 2010.


 /s/ ANCER L. HAGGERTY
ANCER L. HAGGERTY
United States District Judge